O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARL RIPALDI,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>NICK GRANT, NANCY LANE,<br><br>　　　　Defendants.<br>_____ | Case No. CV 13-00372 DDP (SHx)<br><br>ORDER TO SHOW CAUSE WHY THIS CASE SHOULD NOT BE REMANDED FOR LACK OF JURISDICTION |

　　　Removing Defendants Nick Grant and Nancy Lane are ordered to show cause why this action should not be remanded to state court for lack of subject matter jurisdiction.  Plaintiff filed an amended unlawful detainer complaint on October 12, 2012.  On January 23, 2013, Defendants removed to this court on the basis of federal question jurisdiction. (Notice of Removal 4.)

　　　Under 28 U.S.C. § 1441(b), a defendant may remove to federal court "[a]ny civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States . . . ." "Under the longstanding well-pleaded complaint rule, however, a suit 'arises under' federal law only when the plaintiff's statement

of his own cause of action shows that it is based upon federal law." <u>Vaden v. Discover Bank</u>, 556 U.S. 49, 60 (2009) (internal quotation marks and citation omitted). "Federal law cannot be predicated on an actual or anticipated defense . . . . Nor can federal question jurisdiction rest upon an actual or anticipated counterclaim." <u>Id.</u> (citations omitted). Alternatively, a federal court may exercise diversity jurisdiction when there is complete diversity between the parties and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332.

Here, nothing on the face of Plaintiff's complaint suggests a federal question.

The court notes that the Defendants have the burden of establishing removal jurisdiction. Accordingly, the court orders Defendants to file a brief, not to exceed ten pages, by Monday, March 11, 2013, showing cause why this action should not be remanded for lack of jurisdiction. Defendants should also deliver a courtesy copy to chambers, Room 244-J, Second Floor, 312 N. Spring Street, Los Angeles. The court will regard any failure to file an explanatory brief as consent to remand this matter.

IT IS SO ORDERED.

Dated: February 28, 2013

DEAN D. PREGERSON
United States District Judge

2